IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LORENZO FAIN, #211887                                                PLAINTIFF

V.                              CIVIL ACTION NO. 5:22-cv-83-DCB-LGI

CAPTAIN JUSTIN GREEN, et al.                                        DEFENDANTS

ORDER ADOPTING REPORT & RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Isaac's Report and Recommendation ("Report") [ECF No. 38] concerning Justin Green and Roderick Logan (collectively, "Defendants")'s Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. [ECF No. 36]. The Report was entered on August 28, 2023, and objections to it were due by September 11, 2023. No party has filed an objection, and the time to do so has elapsed.

Judge Isaac recommended that the Court grant summary judgment and dismiss the case without prejudice. [ECF No. 38] at 19. Specifically, the Report found that the "proper exhaustion" requirement was not satisfied because the movant failed to exhaust the two-step Mississippi Department of Corrections ("MDOC") Administrative Remedy Program ("ARP") process before filing his Complaint. Id. at 6. The Report reasoned that pre-filing exhaustion is mandatory and non-discretionary before pursuing an action under 42 U.S.C. § 1983. Id. at 4.

1

I. Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

II. DISCUSSION

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n[o action shall be

2

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The language of the statute requires an inmate bringing a civil rights action in the Court to first exhaust his available administrative remedies. Booth v. Churner, 532 U.S. 731, 739 (2001). In Porter v. Nussle, the Supreme Court held that "exhaustion in cases covered by § 1997e(a) is now mandatory" and is no longer left to the discretion of the district court. 534 U.S. 516, 524 (2002). The Supreme Court further confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The Fifth Circuit adopted this requirement and held that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." Gonzalez v. Seal, 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Id. at 788.

Exhaustion under the PLRA requires "proper exhaustion," meaning the movant must "us[e] all steps that the agency holds

3

out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 91 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). The movant is required to do more than merely initiate the grievance process or file a complaint against the prison officials. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The PLRA's exhaustion requirement "is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015).

> As noted by the Report, the Fifth Circuit explained that:
>
> a prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015); see also McLemore v. Fisher, 2016 WL 4004669, at *3 (S.D. Miss. 2016) (finding that when a prisoner does not receive a response to a sensitive issue grievance, he must "move on to the next step in the process, not [] proceed directly to federal court."). This is because a prison grievance system must be given "a fair opportunity

4

to consider the grievance" and the "prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95 (2006). Plaintiffs must complete the process "in accordance with the applicable rules . . . as a precondition to bringing the suit in federal court." Id. at 88. Under the ARP, a prisoner completes the exhaustion of his administrative remedies when he proceeds through both steps of the ARP process. See Wilson, 776 F.3d at 302 (discussing MDOC's ARP process).

The Report cited several letters mailed by the Plaintiff to the ARP but found that Plaintiff failed to demonstrate exhaustion because the letters were not evidence that Plaintiff appealed his grievance to the step-two level. In his Complaint [ECF No. 1], Plaintiff alleged that neither the grievance forms nor the ARP forms were readily available at Wilkinson County Correctional Facility. Still, the Report noted that Plaintiff was able to submit a grievance through the statewide administrative remedy program under MDOC and that Plaintiff failed to take further action to exhaust his administrative remedies. Finally, the Report found Plaintiff's conversations and correspondence outside of the program did not demonstrate exhaustion because (1) the conversations and correspondence prior to submitting the first grievance are not viewed as an attempt to appeal any grievances, and (2) informal verbal or written complaints to prison officials

5

are not proper exhaustion and fail to satisfy the exhaustion requirement.

After conducting a de novo review of the Report, the Court agrees with Judge Isaac's recommendation. Accordingly, the Report is ADOPTED. Defendants' Motion is GRANTED and Plaintiff's claims against Defendants are hereby DISMISSED WITHOUT PREJUDICE.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 29th day of November, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE